UNITED STATES DISTRICT COURT

Northern District of California

Oakland Division

| | |
|---|---|
| JAMES BLACKMON, et al., | No. C 11-02853 LB |
| Plaintiffs, | **NOTICE OF REFERRAL AND ORDER (1) REGARDING BRIEFING SCHEDULE AND TELEPHONIC HEARING DATE FOR DEFENDANTS' MOTIONS TO WITHDRAW AND (2) CONTINUING HEARING DATE ON PLAINTIFF'S MOTION TO WRIT OF ATTACHMENT** |
| v. | |
| GLENN TOBIAS, et al., | |
| Defendants. | |
| _____/ | |

The district court has referred the Andreae Defendants' motion to withdraw and the Tobias Defendants' motion to withdraw to the undersigned for a report and recommendation. Order of Reference, ECF No. 92; *see* Andreae Defendants' Motion, ECF No. 83; Tobias Defendants' Motion, ECF No. 85.

"In ruling on a motion to withdraw, some courts have looked to the following factors: 1) the reasons why withdrawal is sought; 2) the prejudice withdrawal may cause to other litigants; 3) the harm withdrawal might cause to the administration of justice; and 4) the degree to which withdrawal will delay the resolution of the case." *Canandaigua Wine Co., Inc. v. Edwin Moldauer*, No. 1:02-cv-06599 OWW DLB, 2009 WL 89141, at *1 (E.D. Cal. Jan. 14, 2009) (citing *Irwin v. Mascott*, No. 97-4737, 2004 U.S. Dist. LEXIS 28264, at *4 (N.D. Cal. Dec. 1, 2004); *Beard v. Shuttermart of California, Inc.*, No. 07CV594WQH(NLS), 2008 WL 410694, at *2 (S.D.Cal. Feb.13, 2008); Rusinow v. Kamara, 920 F.Supp. 69, 71 (D.N.J.1996)).

C 11-02853 LB

1    Citing California Rule of Professional Conduct 3-700(c)(1), both sets of counsel say that
2 "irreconcilable differences" have arisen between them and their clients that make their continued
3 representation impossible. Andreae Defendants' Motion, ECF No. 83 at 2; Tobias Defendants'
4 Motion, ECF No. 85 at 1. California Rule of Professional Conduct 3-700(c)(1), in turn, provides
5 that an attorney may permissively seek to withdraw if his or her client:

> (a) insists upon presenting a claim or defense that is not warranted under existing law and cannot be supported by good faith argument for an extension, modification, or reversal of existing law, or
> (b) seeks to pursue an illegal course of conduct, or
> (c) insists that the member pursue a course of conduct that is illegal or that is prohibited under these rules or the State Bar Act, or
> (d) by other conduct renders it unreasonably difficult for the member to carry out the employment effectively, or
> (e) insists, in a matter not pending before a tribunal, that the member engage in conduct that is contrary to the judgment and advice of the member but not prohibited under these rules or the State Bar Act, or
> (f) breaches an agreement or obligation to the member as to expenses or fees.

California Rule of Professional Conduct 3-700(c)(1).

Defendants did not specify which of the above situations might apply here or show how the above-referenced factors are met. *See* Andreae Defendants' Motion, ECF No. 83 at 1-3; Tobias Defendants' Motion, ECF No. 85 at 1-2. Nor did Defendants notice their motions for hearing in accordance with this District's Civil Local Rule 7-2, resulting in a lack of adequate briefing on the issues.

Without more information from Defendants' counsel, and without full briefing on their motions, the court cannot make a reasoned decision. Accordingly, the court ORDERS the Andreae Defendants and the Tobias Defendants, no later than February 8, 2012, to file briefs in support of their motions that address the factors stated above and all other applicable law. Should they need to submit documents to the court *in camera* for privilege reasons, they may do so. Plaintiffs then shall have until February 13, 2012 to file briefs in opposition to Defendants' briefs. After that, the court shall conduct a telephonic hearing on February 16, 2012 at 11:00 a.m. to discuss the matter with the parties.

Given Defendants' motions to withdraw, as well as the hearing on Defendants' motion to dismiss being continued to March 27, 2012, the court finds good cause to continue the hearing on Plaintiffs'

motion for writ of attachment, currently set for February 16, 2012, to <u>April 5, 2012 at 11:00 a.m.</u> Along with the issues related to the motions to withdraw, the parties also should be prepared to briefly discuss at the February 16, 2011 telephonic hearing the substantive and procedural interplay between Plaintiffs' motion for writ of attachment and Defendants' motion to dismiss.

The parties shall contact the court's courtroom deputy Lashanda Scott at (510) 637-3525 to make the necessary arrangements for the February 16, 2012 telephonic hearing.

**IT IS SO ORDERED.**

Dated: February 3, 2012

_____
LAUREL BEELER
United States Magistrate Judge

C 11-02853 LB

3